UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61301-CIV-COHN/SELTZER

BP PRODUCTS NORTH AMERICA INC.,

        Plaintiff,

v.

SUPER STOP #701, INC., a Florida corporation,
and MAHAMMAD A. QURESHI, an individual,

        Defendants.
_____/

## ORDER DENYING MOTION TO VACATE OR STAY JUDGMENTS
## ORDER TO SHOW CAUSE WHY MOTION FOR FEES AND MOTION FOR WRIT OF EXECUTION SHOULD NOT BE GRANTED

**THIS CAUSE** is before the Court upon Defendants' Motion to Vacate Judgment and Dismiss for Improper Venue [DE 131], Plaintiff's Response thereto [DE 134], Defendants' Motion to Stay Proceedings to Enforce Judgment [DE 133], Plaintiff's Response thereto [DE 135], Counsel Justin Leto's Motion to Withdraw as Counsel for Defendants [DE 137], Plaintiff's Verified Motion for Fees and Costs [DE 139], and Plaintiff's Motion for Issuance of Writs of Execution Post-Judgment [DE 143]. The Court has carefully considered the motions and related filings and is otherwise fully advised in the premises.[1]

### I. MOTION TO VACATE JUDGMENT

On December 17, 2009, this Court entered a final judgment in favor of Plaintiff in this action [DE 128]. Defendants timely moved to vacate the judgment and dismiss for

_____

[1] The time for Defendants to file a reply in support of their motions to vacate and motion to stay has expired.

improper venue.  The Court interprets the motion as a motion under Rule 59(e) of the

Federal Rules of Civil Procedure to alter or amend the judgment, in which Defendants

ask the Court to reconsider its ruling at the beginning of the bench trial denying

Defendants' request to dismiss for improper venue.  There are three grounds which

justify the filing of a motion for reconsideration: "1) an intervening change in controlling

law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent

manifest injustice." Williams v. Cruise Ships Catering & Service Int'l, N.V., 320 F.

Supp. 2d 1347, 1357-58 (S.D. Fla. 2004); Reyher v. Equitable Life Assur. Soc., 900 F.

Supp. 428, 430 (M.D. Fla. 1995).  A motion for reconsideration is not intended to be a

tool for relitigating what a court has already decided.  Reyher, 900 F. Supp. at 430.

Rather, it "must demonstrate why the court should reconsider its prior decision and set

forth facts or law of a strongly convincing nature to induce the court to reverse its prior

decision." Id. (internal quotations omitted).  Defendants clearly have not met any of the

grounds to justify the court reconsidering its ruling on venue.  Nonetheless, the Court

will address the merits of Defendants' argument.[2]

Defendants challenge the Court's prior ruling that the venue clause in the 1997

Promissory Note only applied to the Promissory Note claim at best. The Court

concluded that:

Defendants argue that venue in federal court is improper due to a venue

---

[2]  Defendants possibly waived enforcement of the venue clause by waiting until
the eve of trial to make the argument that the venue clause in the 1997 Promissory
Note controlled all claims in this action, though the dismissal of the federal Petroleum
Marketing Practices Act by Plaintiff on the eve of trial arguably meant this issue did not
arise until that point.

clause in the 1997 Promissory Note that any action to enforce the note by either Lender or Borrower "shall be brought exclusively in the State of Florida, before the Circuit Court, in and for the County of Broward, Florida. . . ." Exhibit 5, ¶ 13(ii).  However, this clause would only govern the action on the promissory note and not the other claims.  Because the other claims are properly before this Court as they are not subject to this venue clause, the Court will exercise a form of supplemental jurisdiction over the claim on the Promissory Note.

Findings of Fact and Conclusions of Law at pp. 11-12 [De 127].

Defendants assert the venue clause controls not only the Plaintiff's claim on the Promissory Note but all related claims as well.  Defendants argue that the 2006 Dealer Supply Agreement ("DSA") and the Rider were "clearly contemplated" in the Promissory Note.  Plaintiff argues that this interpretation is unreasonable.

This Court agrees with Plaintiff.  The DSA referenced in the 1997 Promissory Note was the 1997 DSA.  When each three-year DSA expired, the parties negotiated and executed a new agreement.  The 2006 DSA that formed the dominant claim in this case did not contain an exclusive state court venue clause.  It is not reasonable that the 1997 Promissory Note forever locked Plaintiff in to the venue clause when later executed agreements between the parties lacked such a clause.  Rather, the Court's prior conclusion that the venue clause only governs the action on the Promissory Note and not the other claims is reaffirmed.  The Court properly had diversity jurisdiction over the other claims, and in the interest of having all claims tried before one tribunal, the Court also heard the claim on the Promissory Note.

## II.  MOTION TO STAY and MOTION FOR WRIT OF EXECUTION

Defendants move for a stay of proceedings to enforce the judgment.  Defendants concede that they are required to post a bond pending appeal pursuant to Rule 62(d) of the Federal Rules of Civil Procedure.  As of this date, Defendants have not posted a bond or provided any other security arrangement.  Therefore the motion to stay is denied.  In addition, Plaintiff recently moved for writs of execution against Defendants so that it may levy upon Defendants' property to satisfy the outstanding judgment.

## III.  MOTION TO WITHDRAW and MOTION FOR FEES

Defendants' trial counsel has moved to withdraw from this action.  Because Defendant has another attorney as counsel of record, the Court will grant this motion. Finally, Plaintiff has filed a verified motion for fees and costs, to which a response was due by February 5, 2010.  No response has been received to date.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    Defendants' Motion to Vacate Judgment and Dismiss for Improper Venue [DE 131] is hereby **DENIED**;

2.    Defendants' Motion to Stay Proceedings to Enforce Judgment [DE 133] is hereby **DENIED**;

3.    Counsel Justin Leto's Motion to Withdraw as Counsel for Defendants [DE 137] is hereby **GRANTED**;

4

4.      Defendants shall show cause by March 29, 2010, why Plaintiff's Verified Motion

for Fees and Costs [DE 139] and Plaintiff's Motion for Issuance of Writs of

Execution Post-Judgment [DE 143] shall not be granted.

        **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 22nd day of March, 2010.

JAMES I. COHN
United States District Judge

copies to:

Mark Blumstein, Esq.
Justin Leto, Esq.
Tracy Newmark, Esq.