UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61301-CIV-COHN/SELTZER

BP PRODUCTS NORTH AMERICA INC.,

    Plaintiff,

v.

SUPER STOP #701, INC., a Florida corporation,
and MAHAMMAD A. QURESHI, an individual,

    Defendants.
_____/

**ORDER GRANTING MOTION FOR WRIT OF EXECUTION POST JUDGMENT
ORDER GRANTING IN PART MOTION FOR FEES AND COSTS**

**THIS CAUSE** is before the Court upon Plaintiff's Verified Motion for Fees and Costs [DE 139] and Plaintiff's Motion for Issuance of Writs of Execution Post-Judgment [DE 143]. The Court has carefully considered the motions and related filings and is otherwise fully advised in the premises.

I.  MOTION FOR WRIT OF EXECUTION

On December 17, 2009, this Court entered a final judgment in favor of BP Products North America, Inc. ("BP" or "Plaintiff") [DE 128]. Defendants timely moved to vacate the judgment and dismiss for improper venue, as well as moving for a stay of proceedings to enforce the judgment. The Court denied those motions on March 22, 2010 [DE 144]. On March 8, 2010, Plaintiff moved for issuance of writs of execution post judgment. The Court entered an order to show cause to Defendants why that motion should not be granted. On March 30, 2010, Defendants responded by stating (again) that they had been in contact with two (2) surety companies and would provide

proof of a bond to the Court.[1]  No bond has been filed to date.

The Court concludes that Defendants have had more than ample time to secure a bond to delay execution of judgments pending appeal.  At this point, it would become prejudicial to Plaintiff to award any further extension of time.  The Court will grant the Plaintiff's motion and issue writs of execution directed against Defendants, in the form submitted by Plaintiff at docket entry 143.

## II.  MOTION FOR FEES

Plaintiff has filed a verified motion for fees and costs.  After no timely response was received, the Court entered an order to show cause as to why the motion should not be granted.  Defendants responded to the fee motion [DE 148] and Plaintiff has filed a reply [DE 150].

Plaintiff seeks attorney's fees in this matter of $177,755.00 and costs totaling $6,867.04.  Defendants oppose this motion on the grounds that fees are only authorized on the contract claim enforcing the Note and the Plaintiff has failed to meet its burden to allocate the fees for that claim.  Plaintiff argues that the issues are so intermingled that allocation is not feasible.

BP's amended complaint against Defendants contained the following claims: breach of contract (Dealer Supply Agreement), account stated, open account, breach of contract (re-image program), breach of contract (promissory note), conversion (of

---

[1]  Defendants concede that they are required to post a bond pending appeal pursuant to Rule 62(d) of the Federal Rules of Civil Procedure.

certain equipment), replevin (of that equipment), and breach of the personal guarantee ("Rider") signed by Qureshi.  Plaintiff's only basis for recovery of fees is ¶ 8 of the Promissory Note executed in 1997.  See Exhibit A to Plaintiff's Reply [DE 150].  This section states in part that "Borrower agrees to pay all costs of collection when incurred, including, but limited to reasonable attorneys fees and costs . . . ."  However, none of the other agreements upon which Plaintiff won damages, particularly the Dealer Supply Agreement, contained fee-shifting provisions.  It is undisputed that the damages awarded to Plaintiff under the claim to enforce the Note was only approximately 7.5% of the total damage award of $578,292.38.

Plaintiff argues that the issues in this case were so commingled regarding Defendants' liability that all fees should be awarded without allocation.  Plaintiff urges the Court to follow the United States Court of Appeals for the Eleventh Circuit decision in Boca Mara Properties, Inc. v. International Dairy Queen, Inc.:

> When, however, one case involves several causes of action arising out of a single transaction or event, work spent on the different aspects of the case will inevitably overlap. In such an instance, an arbitrary reduction of a fee award based on the proportion of the total number of causes of action not entitled to attorney's fees is an abuse of discretion. LaFerney v. Scott Smith Oldsmobile, Inc., 410 So. 2d 534, 536, (Fla. Dist. Ct. App.1982). There was considerable overlap between the common law fraud and the statutory claims. The district court did not abuse its discretion.

732 F.2d 1550, 1553 -1554 (11th Cir. 1984).

Florida law, which governs this decision, further states that "where a party is entitled to an award of fees for only some of the claims involved in the litigation, i.e., because a statute or contract authorizes fees for a particular claim but not others, the

3

trial court must evaluate the relationship between the claims and 'where the claims involved a common core of facts and are based on related legal theories, a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorney's fees were [authorized].'" <u>Current Builders of Florida, Inc. v. First Sealord Surety, Inc.</u>, 984 So. 2d 526, 533-34 (Fla. Dist. Ct. App. 2008) (quoting <u>Chodorow v. Moore</u>, 947 So. 2d 577, 579 (Fla. Dist. Ct. App. 2007)); <u>Franzen v. Lacuna Golf Ltd. Partnership</u>, 717 So. 2d 1090, 1093 (Fla. Dist. Ct. App. 1998).

     The critical decision is therefore whether all the claims "involved a common core of facts and are based on related legal theories." The Court concludes that they do not. Unlike in <u>Boca Mara Properties</u>, most of the litigated factual issues in this case concerned Defendant Qureshi's personal liability under the Rider and the estoppel defense regarding delivery of fuel after nonpayment of fuel bills. Neither of these issues had any overlap at all with the few (if any) litigated facts regarding Defendants' liability under the Note. There were no disputed contract formation or interpretation issues with regard to the 1997 Note, just undisputed testimony regarding the amount due on the Note.

     As to whether the legal theories were related, Plaintiff argues that it had to prove liability under the Dealer Supply Agreement in order to prove liability under the Note. The Court disagrees. In its decision regarding proper venue in this case, given that the Note had a state court venue provision in its terms which Defendants sought to enforce, this Court stated:

4

> Defendants assert the venue clause controls not only the Plaintiff's claim on the Promissory Note but all related claims as well. Defendants argue that the 2006 Dealer Supply Agreement ("DSA") and the Rider were "clearly contemplated" in the Promissory Note. Plaintiff argues that this interpretation is unreasonable.
> 
> This Court agrees with Plaintiff. The DSA referenced in the 1997 Promissory Note was the 1997 DSA. When each three-year DSA expired, the parties negotiated and executed a new agreement. The 2006 DSA that formed the dominant claim in this case did not contain an exclusive state court venue clause. It is not reasonable that the 1997 Promissory Note forever locked Plaintiff in to the venue clause when later executed agreements between the parties lacked such a clause. Rather, the Court's prior conclusion that the venue clause only governs the action on the Promissory Note and not the other claims is reaffirmed. The Court properly had diversity jurisdiction over the other claims, and in the interest of having all claims tried before one tribunal, the Court also heard the claim on the Promissory Note.

Order Denying Motion to Vacate or Stay Judgments at 3 [DE 144].

As previously noted, the Court asserted diversity jurisdiction because the claims under the DSA were dominant and that agreement was distinct from the Note. Even though the claims were "related" enough to warrant a single trial, that conclusion is not determinative that the claims were sufficiently intertwined for purposes of awarding attorney's fees. Even if they were, Plaintiff must show both a common core of facts and related legal theories.

Plaintiff argues that the common core of facts between all the claims is that Defendants owed Plaintiff monies. While that is a true statement, the litigated factual issues of Defendants' liability under the DSA for unpaid fuel bills and Qureshi's personal liability were not inevitably overlapped with the claim on the Note.

The Court is then faced with how to allocate the time submitted by counsel for

Plaintiff.  Plaintiff did submit detailed records regarding his time spent on this case.[2] Only 100 of the 710 hours were billed as trial preparation or participation in trial.  The Court does agree with Plaintiff that Defendants engaged in significant motion practice in this case.  In reviewing the totality of the amount of hours submitted, the Court is convinced that 710 hours was reasonable.  There is no dispute that counsel's billed hourly rate of $250 is reasonable.

The Court concludes that much of the discovery and motion practice did overlap among the claim on the Note and the other claims.  Therefore, of the 610 hours that were not trial preparation or participation in trial, the Court will award 50% of those hours, or 305 hours to Plaintiff.  As for the 100 hours spent on trial preparation or participation in trial, the Court will award only 10 hours, as the trial issues related to the Note were a mere 10% of the litigated issues.  Therefore, the attorney's fee award shall consist of 315 hours at $250 per hour for a total fee award of $78, 750.

### III.  MOTION FOR COSTS

Plaintiff seeks costs in the amount of $6,867.04 pursuant to both the contractual language in the Note and 28 U.S.C. § 1920.  Plaintiff argues that the language of the Note allows a broader range of costs than allowed by statute.  Defendant does not make a specific argument against any of the costs.  Upon consideration of the issue,

---

[2] The Court concludes that a hearing in this matter is not necessary, because Defendants' objections to the number of hours are not specific given Plaintiff's detailed hours worked listing supported by an expert witness.  See Exhibits A and D to Motion [DE 139-1 and 139-4].

the Court concludes that Plaintiff is entitled to all costs submitted, even those not specifically allowed by statute, because the Note states that "Borrower agrees to pay all costs of collection when incurred." See ¶ 8, Exhibit A to Plaintiff's Reply [DE 150].

The costs need not be allocated per claim because they would have been incurred anyway. The statutory costs consist of the filing fee ($350), service fees ($430), deposition transcript fees ($4,657.64), copying/printing costs ($123.02) and witness fees ($80.00). The additional costs allowed pursuant to the Note are the mediation costs ($701.25) and Plaintiff's counsel travel costs to defend a deposition taken by Defendants in Illinois ($525.13). The Court therefore awards all of the costs to Plaintiff.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Issuance of Writs of Execution Post-Judgment [DE 143] is hereby **GRANTED**;

2. The Clerk shall process the writs signed by the undersigned;

3. Plaintiff's Verified Motion for Fees and Costs [DE 139] is hereby **GRANTED in part** and **DENIED in part**, as explained above. The Court will separately enter a fee and cost judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of April, 2010.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

copies to:
Mark Blumstein, Esq.
Tracy Newmark, Esq.